IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT PHILLIP IVERS,<br><br>Defendant. | Case No. 22-mj 981 (TNL) |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Randall Mittleider, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of Criminal Complaint alleging the defendant, Robert Phillips Ivers, violated 18 U.S.C. § 115(a)(1) (threatening a federal official).

2. I am employed as a Senior Inspector for the United States Marshals Service ("USMS"). I have worked for the USMS for approximately 16 years. Prior to being employed with the USMS, I was employed with the North Dakota Highway Patrol for approximately six (6) years. I am currently responsible for investigating individuals who threaten a United States official, a United States judge, or a federal law enforcement officer.

3. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. This affidavit is intended to show only that there is sufficient probable cause for the Criminal Complaint and the requested arrest warrant and does not set forth all of my knowledge about this matter. I have set

forth facts that I believe are necessary to establish probable cause that Robert Phillip Ivers (hereinafter "IVERS") has violated 18 U.S.C. § 115(a)(1) (threatening a federal official).

## STATUTORY AUTHORITY

4. Title 18, United States Code § 115(a) prohibits threatening a federal official with the intent to impede, intimidate, or interfere with such official while engaged in the performance of official duties, or with intent to retaliate against such official on account of the performance of official duties.

## FACTS ESTABLISHING PROBABLE CAUSE

5. On September 14, 2018, IVERS was convicted by jury of 18 U.S.C. Section 115(a)(1)(B) (Threatening to Murder of Federal Judge) and 18 U.S.C. Section 875(c) (Interstate Transmission of a Threat to Injure the Person of Another). On March 1, 2019, IVERS was sentenced by the Honorable Senior Judge Robert W. Pratt to a term of 18 months, followed by three (3) years of supervised release. IVERS was released from Bureau of Prisons custody on August 1, 2019 and began his term of supervised release. The United States Probation Officer (USPO) assigned to supervise IVERS in the District of Minnesota was J.W.

6. On September 1, 2020, IVERS left a profanity-laced voicemail on J.W.'s work telephone. This conduct – in part – formed the basis for a Petition on Supervised Release which alleged that IVERS had violated on or more terms of conditions of supervised release. On November 17, 2022, an evidentiary hearing was conducted to determine whether IVERS had violated the terms of his supervised release. The Honorable Judge Pratt found that IVERS had, in fact, violated the terms of his supervised release and thereafter sentenced IVERS to twelve (12) months in the custody of the Bureau of Prisons, and an additional year of supervised release. Because IVERS had accrued credit for time already spent in custody, he was ordered released on

November 17, 2022, to begin the new one-year term of supervised release. Special conditions imposed by Judge Pratt included the immediate surrender of IVERS' Minnesota driver's license and that IVERS must maintain appropriate communication with members of the probation office.

7. At the conclusion of the Final Revocation hearing, USPOs T.B. and Z.Z. escorted IVERS into an interview room in the U.S. Probation office. IVERS quickly became agitated. When T.B. began discussing conditions of release imposed by Judge Pratt, IVERS pounded on the table with his fists in anger. Z.Z. hooked up the GPS ankle bracelet which caused IVERS to become more upset. IVERS began to incoherently scream the word "hate". T.B. asked IVERS to talk respectfully to the probation officers. IVERS was upset about relinquishing his Minnesota ID. IVERS repeatedly slammed his chair on the ground causing the chair leg to break and IVERS to fall to the ground. IVERS was continually yelling, throwing his paperwork, and swinging his fists and arms in the air. T.B. then asked another probation officer to call the USMS for their assistance. T.B. told your Affiant that she did not want to sit down again out of fear of her safety and in case she needed to exit quickly. T.B. and Z.Z. instead stood by the interview room entrance.

8. When leaving Interview Room #5, IVERS walked past J.W. then stopped, turned, and faced him. J.W. put his back against the wall to put as much as space as possible between himself and IVERS. While standing approximately 2-3 feet from J.W., IVERS extended the middle finger of each hand at J.W. and in a loud voice, yelled "I'm going to get some fucking niggers to fucking kill you!" IVERS then kept repeating the word "hate".

9. J.W. told your Affiant that IVERS' conduct caused him to be concerned for his safety and that of his coworkers. J.W. believes IVERS was threatening him because of his position as a federal probation officer and because the USPOs were implementing the conditions of release just set in place by Judge Pratt, to include that IVERS surrender his Minnesota driver's license.

3

## CONCLUSION

10. Based on the information described above I respectfully submit there is probable cause to believe that Robert Phillip IVERS did threaten a federal official with the intent to impede, intimidate, or interfere with such official while engaged in the performance of official duties, or with intent to retaliate against such official on account of the performance of official duties, in violation of Title 18, United States Code § 115(a)(1).

Further your Affiant sayeth not.

_____
Randall Mittleider
Senior Investigator
United States Marshals Service

SUBSCRIBED and SWORN before me
by reliable electronic means (FaceTime and
email) pursuant to Fed. R. Crim. P. 41(d)(3) on
November 28, 2022:

_____
The Honorable Tony N. Leung
United States Magistrate Judge

4