UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | No. 22-cr-00341 (RWP/HCA) |
| Plaintiff, | |
| v. | **ORDER** |
| Robert Philip Ivers, | |
| Defendant. | |

---

Before the Court is Defendant Robert Philip Ivers's Motion for Disqualification under 28 U.S.C. § 455(a), filed on December 23, 2022.  ECF No. 20.  The Government responded to the Motion on January 18, 2023.  ECF No. 33 at 1–4.  The matter is fully submitted.

Defendant argues recusal is warranted in this case because this Court previously presided over Defendant's 2018 case in which he was convicted of threatening to murder a federal judge and Defendant is now charged with allegedly threatening to kill the U.S. Probation Officer assigned to supervise him in the 2018 case.  In 2018, the Chief Judge of the District of Minnesota entered an order disqualifying all U.S. District and Magistrate Judges in Minnesota from presiding over Defendant's pending criminal and civil cases because Defendant threatened a U.S. District Judge of that Court.  *United States v. Ivers*, No. 0:18-cr-00090 (D. Minn. Apr. 23, 2018), ECF No. 6.  Consequently, the Chief Judge of the Eighth Circuit assigned the undersigned to preside over Defendant's pending cases.  No. 0:18-cr-00090, ECF No. 7.  On December 1, 2022, the Chief Judge of the District of Minnesota entered an order in this case disqualifying all judges in that District because the victim in this case is an employee of the Minnesota District Court.  No. 0:22-cr-00341, ECF No. 8.  The Chief Judge of the Eighth Circuit again assigned the

undersigned to preside over Defendant's case.  No. 0:22-cr-00341, ECF No. 13.  Defendant now moves for disqualification of the undersigned judge under § 455(a).

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  *See also United States v. Wisecarver*, 644 F.3d 764, 771 (8th Cir. 2011) ("Under § 455(a), disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." (citation omitted)).  "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'  Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant—section 455(a) sets an objective standard that does not require scienter."  *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (quoting *Liljeberg v. Heath Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988)).  Because judges are "presumed to be impartial, . . . 'the party seeking disqualification bears the substantial burden of proving otherwise.'"  *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003).  "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (alteration in original) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)).

In his Motion, Defendant insists the implied reasoning for disqualifying the judges of the District of Minnesota—that the average person would question the impartiality of Minnesota judges presiding over a case in which the victim is an employee of the District Court—applies in equal force to this Court because the victim reported directly to this Court during Defendant's term of supervised release for his prior conviction.  Thus, Defendant contends the average person would question this Court's impartiality given its professional relationship with the alleged

victim in this case. Defendant also points to his "unusually frequent communications" received by this Court relating to his earlier prosecution, many of which were admittedly "demanding, disrespectful, and vulgar" and personally directed at this Court. ECF No. 20 at 2. Defendant contends his communications with this Court "transcended the litigation context and could be construed as extrajudicial in nature." *Id.* at 6.

It is well-settled that "opinions formed by the judge on the basis of facts introduced or events occurring in the course . . . of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). All of Defendant's complaints regarding potential bias or partiality on the part of this Court relate to facts introduced or events that occurred during the course of Defendant's prior proceedings. This Court has not had any involvement with Defendant or the victim in this case outside of the context of the prior proceedings. It is true that some of Defendant's communications to the Court have contained information about his personal life and money-making opportunities, but Defendant only communicated things of a personal nature to this Court *because* this Court presided over his prior case. Thus, all of Defendant's communications were within the litigation context. The same is true with the Court's interactions with the alleged victim in the present case—all communication was in relation to Defendant's case. Because there is no extrajudicial source involved, Defendant must prove this Court has "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Defendant has failed to meet his substantial burden. He has not pointed to any examples in which this Court has displayed any antagonism or favoritism that would suggest this Court cannot be fair and impartial. Defendant asserts this Court will be viewed by the jury as a judge

3

of the District of Minnesota and that jurors will not recognize the significance of the fact that the victim is an employee of one district while this Court is at home in another and merely sitting by designation in Minnesota. The same is true for any judge assigned to preside over Defendant's case. Regardless of where the assigned judge hails from, that judge will be sitting as a judge of the District of Minnesota.

Defendant also argues this Court must be disqualified because the circumstances underlying this case are similar to those underlying his prior case. Defendant likens the situation to a judge presiding over an appeal in state court and then later presiding over postconviction proceedings involving the same defendant and the same offense in federal court. *See Rice v. McKenzie*, 581 F.2d 1114, 1115 (4th Cir. 1978). Although this case involves the same defendant and the same type of offense, that is where the similarities to *Rice* end. Rather, this situation is more like the one in *Liteky*, in which one of the defendants was tried several years earlier for events similar to the case then before the court. 510 U.S. at 542. That the underlying circumstances in the second case were similar to those in the first case was of no consideration to the Supreme Court. In fact, the *Liteky* court recognized it is "normal and proper for a judge . . . to sit in successive trials involving the same defendant." 510 U.S. at 551.

Defendant has not met his substantial burden of proving this Court has "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. He has not demonstrated that "a reasonable person . . . would question [this Court]'s impartiality." *Wisecarver*, 644 F.3d at 771. Accordingly, Defendant's Motion for Disqualification (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of January, 2023.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT