UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | * | 0:22-cr-00341-RWP/HCA |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ROBERT PHILIP IVERS, | * | ORDER |
| | * | |
| Defendant. | * | |
| | * | |

Before the Court is Defendant Robert Philip Ivers's Second Motion for Discovery and Inspection, filed on February 3, 2023. ECF No. 64. The Government filed a response. ECF No. 66. Defendant filed a Reply. ECF No. 67. Defendant also filed a supplemental First Declaration. ECF No. 68. The Court heard oral argument on the Motion on February 23, 2023. *See* ECF No. 77. The matter is fully submitted.

Defendant seeks an order requiring the Government to disclose information and to make all such discovery available to Defendant for inspection, copying, and photographing. ECF No. 64 at 1. Defendant claims he is requesting material items related to Defendant, the alleged victim, the U.S. Probation Office (USPO), and the U.S. Marshals Service (USMS). *Id.* Defendant's Motion appears, in large part, duplicative of his prior discovery-related motions filed with the Court, including his *ex parte* motions for issuance of subpoenas under Federal Rules of Criminal Procedure 17(b) and (c). *See* ECF Nos. 27, 43, 45. However, Defendant in his Motion names five additional witnesses from whom he is seeking discoverable information and expands the scope of his first discovery requests.

The Government does not oppose Defendant's Motion to the extent that he is seeking a wide variety of documents and information—such as Defendant's prior criminal record—which

is already covered by the requirements of Federal Rule of Criminal Procedure 16. *See* ECF No. 66 at 1. The Government, however, opposes portions of Defendant's Motion which it views as overbroad and exceeding Rule 16. *Id.* For example, Defendant seeks "any information regarding 'the reaction to/or perception of statements . . . etc. by [Defendant], from the victim and any other person(s) . . . including, **but not limited** to the witnesses on the Government's witness list and their respective offices." *Id.* at 2 (emphasis added) (citing ECF No. 64 at 2).

During the hearing on Defendant's Motion, the parties discussed the breadth of Defendant's Motion and the Court's concerns with the Motion exceeding the bounds of the Government's Rule 16 obligations. The Government also argued that complying with some of Defendant's requests would create an impossible burden on the Government to seek out and obtain documents that are not currently in its custody or control. The Government appears to be diligently working with all relevant federal agencies to obtain materially relevant documents subject to Rule 16 production. Defendant clarified that he is primarily seeking an order from the Court mandating that the USPO and USMS comply with his request by providing the Government with all documents in their possession related to Defendant in connection with his current offense on November 17, 2022, and in relation to his prior conviction in *United States v. Ivers*, No. 18-cr-90 (D. Minn). Defendant also requests the Court to order that privilege logs for any information that cannot be disclosed must be provided to the Government and then produced to Defendant.

In criminal cases, the prosecution's "discovery obligation is rooted in two separate sources:" Rule 16 and the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution. *United States v. W.R. Grace*, 401 F. Supp. 2d 1069, 1073–74 (D. Mont. 2005). Under the Due Process Clause, the prosecution must "disclose to the defense any

2

exculpatory or impeachment evidence favorable to the accused that is in the prosecution's possession." *Id.* at 1074 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).  However, a criminal defendant's entitlement to discovery documents under the Due Process Clause is "separate and distinct" from the prosecution's discovery obligations under Rule 16. *Id.* at 1074.  Under Rule 16(a)(1)(E), the prosecutor is obligated upon the defendant's request, to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control."  These items must be "material to . . . preparing the defense," intended to be used in the prosecution's "case-in-chief at trial," or "obtained from or belong[ing] to the defendant." Fed. R. Crim. P. 16(a)(1)(E)(i)–(iii).  To obtain these items, "the defendant must make a threshold showing of materiality." *W.R. Grace*, 401 F. Supp. 2d at 1074.

When a case involves several federal agencies, "[i]nformation in the hands of other federal agencies must also be turned over if the prosecutor has knowledge of and access to the documents sought." *Id.* (citing *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989)).  This includes "[i]nformation held by federal agencies not directly involved with the investigation . . . if the prosecutor has knowledge of and access to the information and the requirements of the rule are otherwise met." *Id.* at 1075.  The key, however, in requesting such documents under Rule 16(a)(1)(E), is that defendants must make "a focused request for documents they believe to be in [the federal agency]'s possession and [must] sufficiently allege[] the materiality of those documents." *Id.* at 1082.  Mere "speculation as to the existence of other documents . . . is insufficient to warrant an order directing the prosecution to hunt for other [documents]." *Id.* at 1083.  This is unlike a prosecutor's *Brady* obligation, which "places an affirmative duty on the

prosecutor to seek out information in the government's possession that is favorable to the defendant." *Id.* at 1075.

Here, the Court agrees with the Government that Defendant's Motion neglects to provide the Court with a "focused request" for USPO and USMS documents within the scope of Rule 16(a)(1)(E). Indeed, at first glance Defendant's Motion is a wild hunt for other documents outside the Government's possession or control. And to that extent, the Government is not obligated to comply. However, after the hearing on Defendant's Motion, the Court concludes an order directing the Government to comply with its Rule 16 obligations—as it has repeatedly reassured the Court that it will do—and instructing the USPO and USMS to provide any material documents or privilege logs to the Government for production, will sufficiently address Defendant's concerns. In doing so, the Government, USPO, USMS, and any other federal agencies involved in this litigation must comply with their obligations under Rule 16(a)(1)(E), as well as any regulations under *Touhy v. Ragen*, 340 U.S. 462 (1951), no later than March 10, 2023. The Court concludes this deadline for the Government's disclosures provides sufficient time "before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(G)(ii). If after this date Defendant believes that the Government has still failed to comply with its Rule 16 obligations, then he may bring a motion to compel any specific discovery items he is seeking.

For the above reasons, Defendant's Motion (ECF No. 64) is GRANTED. Defendant's Appeal/Objection of Magistrate Judge Decision (ECF No. 44) is DENIED as moot due to the Order Granting Ex Parte Application for Subpoena (ECF No. 45) and this Order of the Court.

IT IS SO ORDERED.

Dated this 23rd day of February, 2023.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT